```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
ROSS JACKSON and THE GARY A.    :
ZEBROWSKI LIVING TRUST,         :
                                :
           Plaintiffs,          :
                                :
     -against-                  :     No. 17 Civ. 5276 (JFK)
                                :              ORDER
HARVEST CAPITAL CREDIT          :
CORPORATION and CHRISTALS       :
ACQUISITION, LLC,               :
                                :
           Defendants.          :
------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/11/2020

**JOHN F. KEENAN, United States District Judge:**

Plaintiffs Ross Jackson and the Gary A. Zebrowski Living Trust (together, "Plaintiffs") bring a motion for reconsideration,[1] (ECF No. 136), of the Court's February 12, 2020 Opinion & Order ("the SJ Order"), (ECF No. 133), which denied Plaintiffs' motion for summary judgment but granted Defendant Harvest Capital Credit Corporation's ("Harvest") cross-motion for summary judgment. As discussed below, Plaintiffs' motion for reconsideration suffers from insurmountable procedural and substantive defects. Accordingly, Plaintiffs' motion is DENIED.

First, Plaintiffs filed their motion without following the Court's Individual Rule of Practice 2.A which states:

---

[1] Plaintiffs' motion is titled: "Motion to Alter or Amend Judgment ([pursuant to ]Fed. R. Civ. P. 59(e)) for Reconsideration of Opinion and Order ([pursuant to ]Local Civil Rule 6.3) and for Relief from Judgment ([pursuant to ]Fed. R. Civ. P. 60(b)(6))."

1

> **Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. <u>For motions other than discovery motions, a pre-motion conference with the court is required before making any motion</u>, except for motions in lieu of an answer, cross-motions, or motions for reargument. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion.

Hon. John F. Keenan Individual Rules of Practice (Feb. 3, 2020), https://nysd.uscourts.gov/hon-john-f-keenan (emphasis added).

Second, Plaintiffs motion is not timely. Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment has not been entered yet. Indeed, the SJ Order stayed these proceedings to allow Plaintiffs the opportunity to decide whether they wished to pursue their one surviving claim against Christals Acquisition, LLC ("Christals"). On February 28, 2020, Plaintiffs requested the Court dismiss this claim without prejudice, (ECF No. 134), which the Court granted moments before Plaintiffs' filed their instant motion, (ECF No. 135). The Court's order of dismissal, however, had not even been transmitted to the Judgments Clerk for processing before Plaintiffs filed their motion.

Further, Plaintiffs' motion is, in essence, a motion for reconsideration of the SJ Order. Local Civil Rule 6.3, however, requires "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within

fourteen (14) days after the entry of the Court's determination of the original motion[.]" Plaintiffs did not serve notice of their motion within fourteen days of entry of the SJ Order. Plaintiffs motion pursuant to Local Rule 6.3 is not timely.

Finally, Plaintiffs' argument in support of reconsideration is substantively flawed because (1) they have never before raised the argument that the netting transaction was factually impossible, see Frederick v. Capital One (USA) N.A., No. 14 Civ. 5460 (AJN), 2015 WL 8484560, at *2 (S.D.N.Y. Dec. 8, 2015) ("A party moving for reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court.'"), and (2) the Court considered the undisputed facts that Plaintiffs believe the Court overlooked, see February 22, 2020 Opinion & Order, ECF No. 133, at 5 (citing relevant contractual provision that prohibited Christals from incurring "additional Indebtedness . . . which is senior to the [Promissory Notes] other than (i) Indebtedness in a principal amount not exceeding $2,000,000"), 20-21 (finding the netting transaction constituted "two simultaneous payments of (1) money . . . and (2) the equivalent of money, in the form of an approximately $1.75 million balance increase and corresponding decrease for the Term B Loans that Harvest simultaneously acquired using a pre-designated portion of the Harvest Loan repayment"), 21-22 (rejecting Plaintiffs' argument that the netting transaction was

3

a sham). Accordingly, Plaintiffs' motion for reconsideration and relief from judgment is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 136, enter judgment in favor of Harvest Capital Credit Corporation, and close this case.

**SO ORDERED.**

Dated: New York, New York
March 11, 2020

*John F. Keenan*
John F. Keenan
United States District Judge